```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

JEROME A. WILLIAMS,                :

    Petitioner,                :

vs.                                :   CIVIL ACTION 07-00123-KD-B

RALPH HOOKS,                       :

    Respondent.                :

## ORDER

This matter is before the Court on Respondent's Answer (Doc. 9) to Petitioner's petition for habeas corpus relief (Doc. 1), in which Respondent contends that Petitioner's habeas petition is subject to dismissal because it was untimely filed. In his Answer, Respondent asserts that Petitioner's conviction became final on November 14, 2005, when the Alabama Court of Criminal Appeals issued it final Certificate of Judgment during Petitioner's direct appeal of his conviction, and that he had one year from that date pursuant to the one-year limitation period set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), in which to file his federal habeas petition.[1] Respondent further contends that Petitioner failed to file a petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure but that he has exhausted his claims in state court.

---

[1] Pursuant to 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the date on which his conviction becomes final by "conclusion of direct review or the expiration of the time for seeking such review."

Because Petitioner waited until February 16, 2007, to file his habeas petition in this Court, Respondent alleges that more than one-year elapsed in the limitations period; thus, Petitioner's petition is untimely. The Court, however, disagrees.

In this case, the Alabama Supreme Court denied Petitioner's petition for certiorari and entered a certificate of judgment on November 10, 2005. (Doc. 10, Ex. 5). Thus, Petitioner's conviction became final on February 8, 2006, that is, when the 90 day period in which Petitioner could have sought direct review of his conviction in the U.S. Supreme Court expired. See Pugh v. Smith, 465 F.3d 1295, 1298-99 (11th Cir. 2006) ("Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner's petition for a writ of habeas corpus is governed by a one-year statute of limitations, and that year commences on the date the conviction becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.' ... This statute of limitations allows a prisoner the time to seek direct review in the Supreme Court of the United States.... If a prisoner petitions the Supreme Court for a writ of certiorari, his conviction becomes final when the Supreme Court denies the petition or affirms the conviction.... If he does not petition the Supreme Court, the prisoner's conviction becomes final when the time for filing that petition expires.") (internal citations omitted); Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008) ("A judgment of conviction becomes final when 'the Supreme Court has had an

opportunity to review the case or the time for seeking review has expired.' Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000)."); see also Rule 13.1, Rules of the United States Supreme Court (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Accordingly, in this case, the AEDPA limitations clock began on February 9, 2006, and Petitioner had 365 days from that date, or until February 9, 2007, to file his federal habeas petition.

It appears that in addition to improperly calculating the date Petitioner's conviction became final, Respondent did not take into consideration the "prison mailbox rule" in determining if Petitioner's petition was timely filed.  The prison mailbox rule, as articulated by the Supreme Court in Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), holds that a pro se inmate's habeas petition is deemed filed on the date it is delivered to prison officials for mailing, regardless of when the court itself receives the documents. "Absent evidence to the contrary in the form of prison logs or other records, [this court] will assume that [petitioner's] motion was delivered to prison authorities the day he signed it ...." Washington v. United States, 243 F.3d 1299 (11th Cir. 2001). Although Petitioner's signed petition was received and docketed by the Clerk's Office on February 16, 2007, the petition is dated February 7, 2007.

3

Accordingly, because neither party has offered any proof regarding the date on which the petition was actually delivered to prison officials, the undersigned concludes, based on the record before the Court, that Petitioner tendered his petition to prison officials for mailing on February 7, 2007, (the date it was signed) and that is the date that should be considered the date of filing. Because Petitioner's petition is deemed as filed on February 7, 2007, which was two (2) days prior to the expiration of the limitations period, the Court finds that said petition was timely filed.

In light of the foregoing, Respondent is **ORDERED** to file, no later than **June 12, 2009**, an amended Answer addressing the merits of Petitioner's claims.  In conjunction with its amended answer, Respondent should submit the trial record and any pertinent transcripts or other documents as set forth in this Court's Order of May 1, 2007 (Doc. 5).

**DONE** this **4th** day of **May, 2009.**

　　　　　　　　　　　　　　　　　　　　/S/ SONJA F. BIVINS
　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**