# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEROME A. WILLIAMS,** | : | |
| Petitioner, | : | |
| v. | : | CIVIL ACTION NO. 07-00123-KD-B |
| **RALPH HOOKS,** | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This action is before the Court on Petitioner Jerome A. Williams' Motion for a Certificate of Appealability ("COA"). (Doc. 29). On March 30, 2010, the Court entered an Order adopting the undersigned's Report and Recommendation (Doc. 22), which found that Petitioner's habeas petition should be denied, and that he is not entitled to a COA. A Judgment dismissing the petition was entered on March 30, 2010. (Doc. 27). Since the Court has already determined that Petitioner is not entitled to a COA, his instant motion is being treated as a motion for reconsideration of the denial of a COA.

The Eleventh Circuit has described a motion for reconsideration as falling within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment). Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). In either situation, relief granted from such a motion is within "the sound discretion of the district judge and will not be overturned on

appeal absent an abuse of discretion." Id. The courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). As observed by the Court in Dyas v. City of Fairhope, 2009 U.S. Dist. LEXIS 119495, 2009 WL 5062367 at *3 (S.D. Ala. 2009), "[m]otions to reconsider serve a valuable but limited function. They do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation."

In his COA, Petitioner argues, as he did in his habeas petition, that he is entitled to relief under § 2254 because the trial court violated his constitutional right to waive counsel and represent himself during the suppression hearing. However, as discussed in the Report and Recommendation, by the time of Petitioner's request to represent himself, the suppression hearing had commenced and the state's DNA expert had undergone direct examination and was about to undergo cross examination by defense counsel. Clearly, permitting Petitioner to discharge his counsel and to proceed *pro se* once the suppression hearing had commenced

could have caused a "potential disruption of proceedings already in progress." United States ex rel Maldonadeo v. Denno, 348 F.2d 12, 15 (2nd Cir. 1965).  Moreover, the record reflects that Petitioner's subsequent request, made after the prosecution's opening statement, that he be permitted to represent himself at trial, was granted. See (Doc. 11, Ex 1, Vol. 2, pp. 17-27 (R. 16-26)).

Petitioner has proffered no facts that suggest that reasonable jurists might question whether he was deprived of his right to waive counsel and represent himself. Nor has he presented any basis for the court to alter its denial of a COA.  See Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)(A motion to reconsider may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion). Accordingly, Petitioner's request for reconsideration of the denial of a COA is due to be denied. It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **16th** day of **April, 2010.**

                                            /s/ SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
# AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
# AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within **fourteen (14)** days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

---

[1]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.